IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYLER CROCKER and ERICKA | : | CIVIL ACTION |
| CROCKER, h/w | : | |
| | : | |
| v. | : | |
| NATIONWIDE FREIGHT, INC., et al. | : | NO: 25-2307 |

## <u>MEMORANDUM AND ORDER</u>

On October 25, 2025, the eve of the Court's fact discovery deadline, Defendants filed 16 motions to enforce third-party subpoenas for records in this personal injury suit. Docs. 18-33.  On October 29, 2025, I denied the motions without prejudice as deficient, but permitted Defendants to renew them within seven days, as to subpoenas for which they could present certifications of service consistent with Federal Rule of Civil Procedure 45.  Doc. 36.[1]  On November 5, 2025, Defendants renewed their motions with respect to eight subpoenas.  Docs. 37-44.[2]

---

[1]Specifically, the Court noted that Defendants, in their prior efforts, failed to cite Rule 45 and its relevant service provisions, and did not attach certifications verifying the date and manner of service or identifying the persons served.  <u>See</u> Fed. R. Civ. P. 45(b)(4) ("Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served . . . .").

[2]Plaintiffs have not responded to the current motions.  Defendants' certifications of service indicate that they served the third parties with the motions via certified and regular mail.  To date, no third party has filed any motion or response.

The renewed motions include certifications from prior defense counsel of record[3] identifying the dates of service on each subpoenaed entity and stating that notice and a copy of the motions to enforce were provided to the entities.  The motions indicate that service was accomplished through either certified mail or UPS, and Defendants attached copies of the corresponding delivery receipts.[4]  Defendants also submitted contact logs prepared by their service agent detailing follow-up efforts to inquire about the status of the subpoenas with each entity.  See, e.g., Doc. 37 at 26.  As of the date of filing, all eight entities had failed at least in part to respond to the subpoenas.[5]

Although the contact logs and counsel's explanations are not entirely self-explanatory, they suggest that at least some of the subpoenaed entities were aware of the subpoenas.  Nonetheless, because none of the subpoenaed entities were personally

---

[3]On November 13, 2025, Min-Sin Kim, Esquire, withdrew her appearance in the case and was replaced by Joseph Ryan Bonfig, Esquire, of the same law firm.  Doc. 45.

[4]Some of the motions attach a UPS "Proof of Delivery," consisting of a printout bearing a tracking number, the date and time of delivery, and a notation where the items was left.  Doc. 37 at 23-24; Doc. 38 at 42-44; Doc. 40 at 23; Doc. 41 at 33-35; Doc. 42 at 24.  Two motions attach a USPS printout showing a tracking number, one showing the item was delivered, Doc. 39 at 23, and the other showing the item was "moving through network."  Doc. 44 at 23-25.  Finally, one motion attaches an email from Defendants' service agent stating that the subpoena was mailed and received.  Doc. 43 at 24.

[5]Defendants state that on October 13, 2025, AFSCME partially responded to their subpoena, by providing the requested medical records, but not the billing records.  Doc. 43 ¶¶ 5-6.  They also report that on November 3, 2025, Dr. Zachary Pang's office confirmed receipt of the subpoena and indicated that it was in the process of responding.  Doc. 40 ¶ 8.

served, a prerequisite to their enforcement under Rule 45, the Court must deny Defendants' motions to enforce.

Federal Rule of Civil Procedure 45 establishes the discovery rules that govern the issuance of subpoenas directed at third parties. Rule 45 bestows "broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands." Lefta Assocs. v. Hurley, Civ. No. 09-2487, 2011 WL 1793265, at *2 (M.D. Pa., May 11, 2011). Enforcement of a subpoena presupposes that it was properly served on the third party, and the Rule states that service requires "delivering a copy to the named person." Fed. R. Civ. P. 45(b).

The Third Circuit has not interpreted the meaning of "delivering" as used in the Rule, but the "longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." Alfamodes Logis. Ltd. Liab. Co. v. Catalent Pharma Sols., Inc., Civ. No. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454); see also Katz v. Beebe Healthcare, Civ. No. 22-625, 2024 WL 5118423, at *6 (D. Del. Dec. 16, 2024) (collecting decisions of district courts within Third Circuit requiring personal service under Rule 45). Nevertheless, "when circumstances warrant, courts have permitted service . . . by alternative means." Doe v. Princeton Univ., 349 F.R.D. 92, 101 (D.N.J. 2025) (permitting alternative service where third party was plainly aware of attempts to serve subpoena and was actively attempting to avoid service); see also, e.g., Castillo v. Shippensburg Urban Devs., Inc., Civ. No. 19-2236, 2021 WL 12313250, at *1 (M.D. Pa.

Nov. 24, 2021) (allowing alternative service based on history of case and after six separate attempts to personally serve executives failed); Van v. Atl. Health Sys., Civ. No. 17-4254, 2021 WL 9528031, at *2 (D.N.J. June 9, 2021) (permitting substitute service of subpoena where deponent evaded service after attempts by process server and plaintiff's counsel); Yelland v. Abington Heights Sch. Dist., Civ. No. 16-2080, 2017 WL 4122465, at *4 (M.D. Pa. Sept. 18, 2017) (permitting service of a subpoena on the parent of a minor witness).  The exception for alternative service is contrary to the general rule, and thus personal service is required "absent compelling circumstances that would justify a departure from the wider accepted interpretation."  Hamilton v. Radnor Twp., 662 F. Supp.3d 536, 541 (E.D. Pa. 2023) (citation omitted); see also Daly v. Restore Integrative Wellness, LLC, Civ. No. 23-4035, 2024 WL 5057195, at *2 (E.D. Pa. Dec. 9, 2024) (denying motion to enforce where there was no evidence that witness was evading service).[6]

Here, I likewise find no reason to depart from the prevailing interpretation of Rule 45, as Defendants have not shown any compelling circumstances warranting a deviation.[7] Unlike the limited cases in which courts have permitted alternative means of service,

---

[6]By contrast, the Pennsylvania Rules of Civil Procedure explicitly permit service by other means, including "any form of mail requiring a return receipt, postage prepaid, restricted delivery."  Pa. R. Civ. P. 234.2(b)(2).

[7]While sympathetic to the concern that denial of these motions may hinder Defendants from obtaining potentially important information regarding Plaintiffs' prior medical records in this personal injury case, I note that several subpoenas were not served until September 15, 2025, slightly more than one month before the twice-extended discovery deadline.

Defendants made no attempt at personal service.  Moreover, counsel's unverified assertions and the submitted contact log entries do not, in most instances, clearly establish whether certain subpoenaed entities are ignoring the subpoena or whether Defendants' service agent has failed to reach the appropriate department within those entities.  Therefore, I will deny Defendants' motions to enforce.

An appropriate Order follows.